UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| REGINA G. AMBURGEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 17-079-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff G. Regina Amburgey ("Amburgey" or "the Claimant") and Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 12, 18] Amburgey has also filed a separate "motion to remand," which raises arguments similar to those made in her motion for summary judgment. [Record No. 11] She contends that the administrative law judge ("ALJ") assigned to her case erred by denying her claims for disability income benefits ("DIB") and supplemental security income ("SSI"). Amburgey requests that the Court direct a finding of disability [Record No. 12-2] or, alternatively, remand the matter for further administrative proceedings [Record No. 11]. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Amburgey.

I.      **Procedural History**

Amburgey filed concurrent applications for a period of disability and DIB under Title

II of the Social Security Act ("the Act") and SSI under Title XVI of the Act on November 28, 2012. [Administrative Transcript, "Tr.," 146] She alleged that she became unable to work on December 31, 2008, due to depression and anxiety, foot, knee, and shoulder pain, and poor vision. [Tr. 148-49] Her claims were denied initially and upon reconsideration and, eventually, by Administrative Law Judge ("ALJ") Sheila Lowther following an administrative hearing. [Tr. 146-155] The Appeals Council denied Amburgey's request for review and it does not appear that she sought judicial review. [Tr. 160]

Amburgey filed a second set of concurrent applications for SSI and DIB on November 3, 2013. [Tr. 14] Again, she alleged that she had been unable to work since December 31, 2008, based on similar problems. *Id.* Her claims were denied initially and upon reconsideration and by ALJ Lowther following two administrative hearings. [Tr. 14-30] Amburgey sought review by the Appeals Council, which was denied. [Tr. 1] Accordingly, the Claimant has exhausted her administrative remedies and this matter is ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**II.     Background**

Amburgey is a high school graduate and has completed one year of college. [Tr. 90] She worked for five years in a factory that made seats for automobiles, but was laid off due to a downturn in the economy. [Tr. 91-92] Amburgey has not applied for any jobs since moving to Kentucky in 2009 because of her claimed health issues. [Tr. 93]

ALJ Lowther denied Amburgey's first set of applications for benefits on August 26, 2013, having determined that she retained the capacity to perform sedentary work. [Tr. 150-51] When the Claimant's most recent applications came before ALJ Lowther, she concluded

that the principle of *res judicata* applied. Therefore, the period under consideration began on August 27, 2013, the day following the prior decision. [Tr. 14]

The ALJ considered the opinions of numerous treating and non-treating sources in rendering her decision. Morgan Eckard, M.D. examined Amburgey on December 28, 2013, and noted that she was able to stand on her toes and heels and was able to tandem walk without problems. She also was able to bend and squat with mild difficulty. [Tr. 786] Eckard believed that the Claimant was able to sit and/or stand (but not walk) for a full workday and lift/carry objections without limitation. [Tr. 787] He also remarked that she was able to carry on a conversation and carry out and remember instructions. [Tr. 787]

Dustin Johnson, M.D., performed a consultative examination in May 2015. [Record No. 1054] Johnson noted that Amburgey walked without an assistive device. [Tr. 1055] Although she had a slightly labored gait, Amburgey had normal posture and exhibited no difficulty getting on and off the examination table. She also had no difficulty with knee squatting, heel-to-toe, and tandem walking. [Tr. 1056] Amburgey's left shoulder could not be raised beyond 90 degrees.[1] Johnson opined that Amburgey had the ability to perform activities involving sitting, standing, walking, handling objects, lifting, carrying, hearing, and speaking. [Tr. 1057] He believed that the Claimant might have some difficulty moving objects overhead, but otherwise, her strength was five out of five throughout the upper and lower extremities. [Tr. 1057]

Amburgey was treated by Chih Yen, D.P.M. It does not appear that Yen offered an opinion regarding Amburgey's ability to work, but a visit note from July 2014 indicates that

---

[1] Amburgey underwent arthroscopic surgery on August 7, 2015, to repair a left shoulder partial-thickness rotator cuff tear. [Tr. 1161]

sensation was intact as to both feet and ankle strength was five out of five bilaterally. [Tr. 822] Although range of motion was limited in the right ankle, Dr. Yen indicated that it had improved by thirty percent. [Tr. 822] Yen encouraged Amburgey to continue wearing her orthotics and performing her home exercise program. [Tr. 822]

Ira Potter, M.D., is the Claimant's primary care provider. He opined that Amburgey's ability to work was significantly limited. [Tr. 1036-37] Potter believed her ability to stand and walk was diminished and that she had decreased shoulder range of motion; foot pain with decreased motion of the great toe; and tenderness and a mild loss of flexion of the knee. [Tr. 873-74] Additionally, he stated that Amburgey had a depressed affected and decrease in short term memory, but her judgment and insight were intact. [Tr. 874]

The ALJ concluded that the Claimant had the following severe impairments: depression; anxiety; history of foot pain (with a history of bunionectomy and excision of neuroma); knee pain; history of rotator cuff tear; obesity; cervical osteophyte complex; partial tear of left rotator cuff; and chondromalacia of left knee. [Tr. 17] After reviewing the medical record and conducting a two administrative hearings, the ALJ determined that Amburgey had the residual function capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except:

> The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; can stand and walk for 30 minutes at a time and for two hours in an eight hour workday; can sit for six hours in an eight hour workday; can push and pull occasionally with the right lower extremity and the right upper extremity; can reach frequently with the left upper extremity in all directions; should not climb ropes, ladders, or scaffolds; occasionally can climb ramps and stairs; can occasionally stoop, kneel, and crouch; should have no concentrated exposure to coldness, wetness, humidity, or vibration; is limited to performing simple, routine tasks in two hour increments over the course of a normal 40 hour work schedule; and the claimant can interact appropriately with co-workers, supervisors, and the general public.

[Tr. 19] Based on this RFC, the ALJ determined that Amburgey could perform her past relevant work in a factory performing small parts assembly. [Tr. 28] Because there were jobs existing in significant numbers in the national economy that she could perform, Amburgey had not been under a disability from August 27, 2013 through the date of the ALJ's decision. [Tr. 30]

### III. Standard of Review

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment or a combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d),

416.920(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination of the disability based on medical evaluations and current work activity, the Commissioner will review the claimant's RFC and relevant past work to determine whether she can perform her past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If she can, she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairments prevent her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

This Court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ employed the proper legal standards in reaching her decision. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### IV. Discussion

#### A. The Claimant's Ability to Perform Light Work

Amburgey argues that this case must be remanded because the ALJ modified her

previous sedentary RFC to one requiring light work without discussing any evidence of medical improvement. [Record No. 12-2, p. 2] But this assertion is simply incorrect. In elevating Amburgey's RFC to modified light work, the ALJ pointed to medical evidence indicating that Amburgey's physical functioning had improved since the August 26, 2013 determination. Specifically, she identified Dr. Eckard's December 2013 examination, which indicated that Amburgey had the ability to bend and squat and could stand on her heels and tiptoes. [Tr. 21] The ALJ also noted Dr. Johnson's opinion, which provided that Amburgey had no difficulty with squatting, heel-to-toe walking, and tandem walking. [Tr. 22] The ALJ discussed both physicians' opinions in connection with Amburgey's ability to perform a range of light work activity. [Tr. 22]

These opinions stand in contrast with the significantly more restrictive opinion of Helen O'Donnell, M.D., which the ALJ gave significant weight in making the August 2013 decision. [*See* Tr. 152-53.] The ALJ did not err in modifying the RFC based on this substantial improvement in the Claimant's condition. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997).

### B. The RFC Describes a Range of Light Work

The Claimant goes on to argue that the RFC describes sedentary work rather than a modified range of light work because it includes standing and walking for two hours in an eight-hour workday. [Record No. 12-2, pp. 2-3] Indeed, "a good deal of walking or standing" is the primary difference between sedentary work and *most* light jobs. SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983) (emphasis added). However, light jobs also include work that involves mostly sitting and pushing and pulling of arm-hand or leg-foot controls that require greater exertion than sedentary work. *Id.*

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. . . . If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967.

The full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. SSR 83-10, 1983 WL 31251, at *6. The Social Security Administration recognizes that an applicant's abilities to perform work do not necessarily fall precisely within the parameters set out within sections 404.1567 and 416.967. In some cases, an individual can do "a little more or a little less than the exertion specified for a particular range of work." SSR 83-12, 1983 WL 31253, at *1 (Jan. 1, 1983).

The ALJ gave some credit to Amburgey's subjective complaints of foot and knee pain, as well as her history of neuroma, bunion, and chondromalacia. [Tr. 29] Accordingly, ALJ Lowther concluded that Amburgey could not stand and/or walk for the six hours required for a full range of light work. The vocation expert ("VE") opined that Amburgey could perform her previous work as a small products assembler when presented with the RFC during the administrative hearing. [Tr. 79] Other examples of suitable work were surveillance monitor, bench assembler, and inspector. [Tr. 79-80] The Claimant has failed to provide any authority for her blanket assertion that, contrary to the VE's testimony, these jobs cannot be completed while being seated up to six hours per day. [*See* Record No. 12-2, p. 3]

### C. Treating Physician Opinion

Ira Potter, M.D., submitted an opinion on April 21, 2015, in which he indicated that

Amburgey could occasionally lift and carry ten pounds and stand and/or walk less than two hours in an eight-hour workday. [Tr. 1036] He opined that she could sit less than five hours and that her ability to push and pull with her upper and lower extremities was limited to a moderate degree. [Tr. 1037] He also reported that Amburgey had been diagnosed with depression and suffered from short-term memory loss. [Tr. 1035]

ALJs generally must afford controlling weight to the opinions of treating physicians. [2] *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009). If the opinion of a treating source is not given controlling weight, the ALJ must apply certain factors including "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source" in deciding what weight to give the opinion. *Id.* (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)). The reasons must be "supported by evidence in the case record" and "sufficiently specific to make clear to any subsequent reviewers the weight [given] to the . . . opinion and the reasons for that weight." *Rogers*, 486 F.3d at 242 (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).

The ALJ discussed Amburgey's treatment with Dr. Potter throughout her opinion. [Tr. 21-27] Despite the ongoing treatment relationship, the ALJ gave little weight to several of Dr. Potter's opinions because they were excessively restrictive and inconsistent with the record. Specifically, Potter opined that the Claimant could only occasionally lift ten pounds even though Drs. Eckerd, Carawan, and Johnson determined that her strength was normal. [Tr. 22-25] Further, the ALJ gave little weight to Potter's opinion that Amburgey could stand or walk

---

[2] The "treating physician rule" applies to claims filed before March 27, 2017. 20 C.F.R. § 404.1527.

- 9 -

for less than two hours because the evidence showed only modest degenerative changes in her knees and right foot. [Tr. 25] Partial weight was given to Potter's limitations regarding pushing, pulling, and reaching, to the extent that the Claimant had recently undergone rotator cuff surgery on her left shoulder. [Tr. 24]

Russell Baker, PT, also offered the opinion that Amburgey was unable to lift, carry, push, or pull due to problems with her left shoulder, and that she was unable to perform overhead activities with either shoulder. [Tr. 1072] The ALJ assigned little weight to Baker's opinion because it was not supported by objective evidence. [Tr. 27] A physical therapist is not an acceptable medical source and an ALJ has the discretion to determine the appropriate weight to give such a source. *See* SSR 06-3p, 2006 WL 2329939 (Aug. 9, 2009). The ALJ acted within her discretion by rejecting the therapist's opinion for the reasons given.

**D.     The Commissioner's Decision is Supported by Substantial Evidence**

Amburgey argues that the ALJ's finding regarding her ability to perform a modified range of light work is not based on substantial evidence. This claim is based largely on the ALJ's apparent failure to discuss the consultative examination by Helen O'Donnell, M.D., who examined the Claimant in January 2013, in connection with her first applications for benefits. [*See* Tr. 152] Despite the ALJ's failure to discuss O'Donnell's report, substantial evidence clearly supports the ALJ's conclusion that Amburgey's physical condition had improved by the time she rendered her second decision in January 2016. As already stated, multiple examining sources reported that her strength was normal and that she could bend, squat, and walk without an assistive device. Additionally, the Claimant flat-out misrepresents the record by stating that Dr. Eckard opined that Amburgey cannot "carry or lift[] anything." [*Compare* Record No. 12-2, p. 5 *with* Tr. 787.]

Finally, the Claimant argues that the ALJ failed to discuss her "serious mental impairments," as reported by Leigh Ford, Ph.D., in February 2013. [Tr. 596] The ALJ gave great weight to Ford's opinion during her consideration of Amburgey's original applications. [Tr. 152] At that time, the ALJ determined that Amburgey was limited to simple, repetitive tasks in two-hour increments over a normal work schedule, and could interact appropriately with peers, supervisors, and the general public. Unless there was new evidence of improvement or changed circumstances that would warrant a change in the RFC finding, *res judicata* would apply. *See Drummond*, 126 F.3d at 842.

Contrary to the Amburgey's claims, the ALJ did discuss her recent mental health treatment, noting that she has received ongoing therapy and medications for her problems. [Tr. 26] While the Claimant's therapist noted that she had fluctuations in her symptoms, she reported being excited about events such as moving into a new home and preparing Thanksgiving dinner. Further, she took on responsibilities such as caring for her grandchildren. While the Claimant displayed signs of depression, her judgment was intact and there was no evidence of delusions or psychotic thoughts. [Tr. 26]

The ALJ gave great weight to the opinion of Edward Stodola, Ph.D., who adopted the findings in the previous Administrative Law Judge decision. [Tr. 27] Put simply, Amburgey has not identified any evidence of record which would indicate that she experienced a worsening of her mental health symptoms. Accordingly, the ALJ's decision is supported by substantial evidence.

V. Conclusion

**ORDERED** as follows:

1. Plaintiff Regina Amburgey's Motion to Remand to Agency [11] is **DENIED**.

2. Plaintiff Regina Amburgey's Motion for Summary Judgment [Record No. 12] is **DENIED**.

3. Commissioner Nancy A. Berryhill's Motion for Summary Judgment [Record No. 18] is **GRANTED**.

4. The administrative decision will be **AFFIRMED** by separate Judgement entered this date.

This 5th day of December, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge